# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MELISSA A. WILLIAMS,
      Appellant,

    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
      Agency.

DOCKET NUMBER
AT-844E-22-0498-I-2

DATE: September 10, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>David Williams</u>, Clearwater, Florida, for the appellant.

<u>Keyanta Dandridge</u> and <u>Sheba Dunnings Banks</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) dismissing the appellant's application for disability benefits as untimely. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2　　The appellant was removed from her position with the U.S. Postal Service on February 26, 2020. *Williams v. Office of Personnel Management*, MSPB Docket No. AT-844E-22-0498-I-1, Initial Appeal File (IAF), Tab 5 at 27, 42. She submitted an application for disability retirement under the Federal Employees' Retirement System on or about July 7, 2021, which OPM dismissed as untimely in both an initial and reconsideration decision because the appellant did not establish the requisite mental incompetency to waive the 1-year statutory filing deadline. *Id.* at 7-8, 14-15, 24-28. The appellant appealed OPM's decision to the Board and requested a hearing, claiming that she initially submitted a timely disability retirement application in November 2020, within 1 year after her separation. IAF, Tab 1 at 1, 4-5. She also asserted that she had been "incapacitated" from work since 2018. *Id.* at 4-5.

¶3　　The administrative judge issued a June 9, 2023 order setting a prehearing conference for August 3, 2023, at 2:00 p.m., and a hearing for August 17, 2023, at 10:00 a.m.[2] *Williams v. Office of Personnel Management*, MSPB Docket No. AT-844E-22-0498-I-2, Appeal File (I-2 AF), Tab 4 at 1, 3. The order informed the parties how to participate in the hearing by dialing a toll-free number and explained that if the appellant failed to appear without good cause, the appeal would be decided without a hearing. *Id.* at 1. On August 3, 2023, the administrative judge issued a summary of the prehearing conference indicating that neither party had appeared and that the hearing remained scheduled for August 17, 2023, at 10:00 a.m. I-2 AF, Tab 5 at 1-2. At 10:16 a.m. on

---

[2] In this order and in a subsequent order, the administrative judge indicated that the times of the scheduled proceedings were Eastern Daylight Savings Time. *Williams v. Office of Personnel Management*, MSPB Docket No. AT-844E-22-0498-I-2, Appeal File, Tab 4 at 1, 3, Tab 5 at 2.

August 17, 2023, the appellant had not yet appeared for the hearing, and the administrative judge declared the record closed. I-2 AF, Tab 8-1 (Hearing Recording). On August 21, 2023, he issued an initial decision affirming OPM's reconsideration decision based on the written record. I-2 AF, Tab 9, Initial Decision.

¶4 The appellant has filed a petition for review[3] renewing her arguments that she submitted a timely disability retirement application in November 2020, and that she has been mentally incompetent since October 2018. Petition for Review (PFR) File, Tab 1 at 18-20. She additionally argues that she was not given the opportunity to "swear under oath" at a hearing. *Id.* at 18. The agency has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 Under 5 U.S.C. § 7701(a)(1), an appellant has a right to a hearing on the merits in an appeal that is within the Board's jurisdiction. *Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶ 20 (2008); 5 C.F.R. § 1201.24(d). This right to a hearing belongs to the appellant, and there are strong policy considerations in favor of granting an appellant a hearing on the merits. *Callahan v. Department of the Navy*, 748 F.2d 1556, 1558-59 (Fed. Cir. 1984); *Rossett v. Office of Personnel Management*, 87 M.S.P.R. 415, ¶ 5 (2001). Nevertheless, as the U.S. Court of Appeals for the Federal Circuit has noted of the right to a hearing, "if the employee forfeits the right which Congress conferred, he must forego the benefits." *Callahan*, 748 F.2d at 1559. To strike a balance between these considerations, the Board's Administrative Judges' (AJ) Handbook describes what an administrative judge should do in a circumstance when an appellant fails to appear at a scheduled hearing:

---

[3] The Office of the Clerk of the Board deemed the appellant's October 18, 2023 petition for review of the initial decision timely filed in accordance with the automatic extension of deadlines during the Board's transition to the new e-Appeal system. Petition for Review File, Tab 2 at 1 n.1.

> If the appellant and the appellant's designated representative (if any) fail to appear for the scheduled hearing, the hearing cannot proceed. The AJ should try to call the appellant, and if unsuccessful in making contact, wait a reasonable time before cancelling the hearing in case the appellant is merely tardy. If neither the appellant nor the appellant's representative appears, the AJ must issue a show cause order that requires the appellant to show good cause for his or her absence. The AJ must then follow up with a second order either rescheduling the hearing if the appellant establishes good cause, or setting the date for the close of the record if the appellant fails to respond to the order or if the response fails to show good cause. In the latter instance, the appeal must be adjudicated on the basis of the written record only. *See Callahan v. Department of the Navy*, 748 F.2d 1556 (Fed. Cir. 1984).

Merit Systems Protection Board, Judges' Handbook, chapter 4, § 13(a).[4]

¶6    Here, the record does not reflect that the administrative judge attempted to contact the appellant or wait a reasonable amount of time before canceling the hearing. The administrative judge also did not issue a show cause order providing the appellant with an opportunity to demonstrate good cause for her absence, and he did not reschedule the hearing or issue an order setting a date for the close of record.

¶7    In her petition for review, the appellant asserts that, in previous proceedings, the administrative judge would inform her by telephone how to participate, but he did not call her on the day of the hearing with that information. PFR File, Tab 1 at 18. The administrative judge's June 9, 2023 order informed the appellant how to participate in the hearing and notified her that if she failed to appear without good cause, the appeal would be decided without a hearing. I-2

---

[4] The Board has explained that the AJ Handbook only provides guidance, is not an independent source of authority for administrative judges, and creates no greater substantive rights for appellants than that to which they are entitled by law, rule, or regulation, as developed through the Board's own current case law and applicable circuit court decisions. *Koehler v. Department of the Air Force*, 99 M.S.P.R. 82, ¶ 13 n.4 (2005). However, as noted above, this particular procedure in the AJ Handbook was adopted to follow the guidance in *Callahan*, in which the U.S. Court of Appeals for the Federal Circuit emphasized that an employee's right to a hearing is strong "and thus will not be cavalierly or lightly disregarded." 748 F.2d at 1559.

AF, Tab 4. The fact remains, however, that the administrative judge did not wait a reasonable amount of time, and had he attempted to call the appellant, as she apparently expected, she could have participated in the requested hearing. Because an appellant's right to a hearing should not be taken lightly, and the administrative judge's failure to follow the guidance set forth in the Judge's Handbook essentially deprived the appellant of that right, we vacate the initial decision and remand the appeal to the Atlanta Regional Office for the administrative judge to hold a hearing.

## ORDER

¶8        For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____

                                  *Gina K. Grippando*
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.